DENNIS, Justice,
dissenting.
The majority holds that, under these specific facts, the blood donors’ privacy interest and the public’s interest in maintaining an adequate blood supply outweighed any need Mercy Hospital had for the disclosure of donor identity. I do not dispute the propriety of using a balancing test in donor disclosure cases. I do dispute the result reached by the majority. In a hepatitis contraction case, the privacy interest of the blood donors is not sufficient to outweigh Mercy Hospital’s need for the donors’ identities. First, there is some question as to whether or not the donors have a legally recognizable privacy interest. Even assuming that donors have a privacy interest in their identity, such interest is not so overwhelming that it should override any need for such information. Second, Mercy Hospital’s best defense in this litigation is that it did not provide the contaminated blood to the plaintiff. To prove that it did not do so, it proposes to show that the blood came from the Blood Bank of Southeast Louisiana. Without the identities of the donors, it will be difficult for it to substantiate this as a defense.
I am also not convinced that limited disclosure, i.e. with protective orders as suggested by the appeals court, would seriously impact donation. The fear of contracting AIDS may decrease one’s willingness to donate, but I question whether someone would not donate his blood if he knew that his identity might be disclosed. Additionally, I am not convinced that many donors give blood only on the assurance that their identities will remain confidential. Thus, in my opinion, the substantial need of Mercy Hospital for the donor identities outweighs any privacy interest of the blood donors, and any public interest in protecting the nation’s blood supply. Therefore, I respectfully dissent.